United States District Court
Southern District of Texas

**ENTERED**
July 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFONSO PARRA, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:22-cv-04445 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| FIESTA MART LLC, | § | |
| Defendant. | § | |

OPINION AND ORDER GRANTING REMAND

The motion by Plaintiff Alfonso Parra to remand is granted. Dkt 9.

1.  Background

This slip-and-fall case was removed by Defendant Fiesta Mart LLC from Harris County Civil Court at Law No 4. Dkt 1. Pending is a motion by Plaintiff Alfonso Parra to remand. Dkt 9. The motion challenges the timeliness of removal on the basis of various filings made in state court. The following timeline is pertinent.

*Original petition*. Parra filed his original petition in state court on May 12, 2022. That petition didn't affirmatively state the amount of damages sought. But it did state that he sought "monetary relief up to the jurisdictional limits of the Court." Dkt 1-2 at ¶ 2. The monetary limit of civil county courts at law is $250,000. Texas Govt Code § 27.003(c)(1); see also ibid § 25.1032. It also alleged that Parra's slip and fall caused "severe injury to his neck, back, and right knee, among other areas," and sought damages for pain and suffering, mental anguish, reasonable medical expenses, loss of earnings, and physical

disablement. Dkt 1-2 at ¶¶ 6, 17, 21. The petition was served on Fiesta Mart on July 7, 2022. Dkt 1-2 at 17.

*Civil cover sheet*. Parra submitted a civil cover sheet simultaneously with his petition. It indicated that he sought "[o]ver $200,000 but not more than $1,000,000" in damages. Dkts 9 at 2 & 9-1 at 2. The civil cover sheet was available on the state court's website, but it wasn't served on Fiesta Mart. It. See Dkt 17 at 3.

*Disclosures*. Parra served his disclosures on Fiesta Mart on August 26, 2022. These "reiterate[d] various elements of damages, past and future, including pain and suffering, mental anguish, reasonable medical expenses, past and future, loss of earnings, and physical disablement." They also included affidavits of costs of medical services and billing records totaling $39,787.92. Dkt 9 at 2–3.

*Deposition*. Fiesta Mart deposed Parra on October 18, 2022. Parra says that his testimony revealed continued knee problems, which should have indicated that future medical bills were likely. Id at 3. The deposition transcript was submitted to the parties on October 27, 2022, and signed, certified, and filed on November 17, 2022. Dkt 9-1.

*Request for admission*. Fiesta Mart later served requests for admissions on Parra. One of these requested an admission that he was "seeking monetary damages in excess of $75,000.00, exclusive of interests and costs, in the present lawsuit." Dkt 1-2 at 50. Parra admitted to this in responses served on November 23, 2023. See Dkt 1 at 3.

*Notice of removal*. Fiesta Mart filed its notice of removal on December 21, 2022. Ibid. Fiesta Mart cited the above response to the request for admission as the *other paper* under Section 1446(b) of Title 28 to the United States Code from which it could first ascertain that this case was removable. Id at 3.

Pending is a motion by Parra to remand, challenging the timeliness of removal. Dkt 9.

2. Legal standard

A case may be removed to federal court "if there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v Walmart Stores LLC*, 907 F3d 170, 183 (5th Cir 2018), citing 28 USC §§ 1332, 1441. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 USC § 1447(c).

The removing party bears the burden of showing that (i) subject-matter jurisdiction exists and (ii) the removal procedure was properly followed. *Manguno v Prudential Property & Casualty Insurance Co*, 276 F3d 720, 723 (5th Cir 2002). The Fifth Circuit holds, "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v Flores*, 543 F3d 248, 251 (5th Cir 2008), quoting *In re Hot-Hed Inc*, 477 F3d 320, 323 (5th Cir 2007); see also *Hicks v Martinrea Automotive Structures (USA) Inc*, 12 F4th 511, 515 (5th Cir 2021).

The process by which a defendant may properly remove an action from state court is governed by 28 USC § 1446. Section 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

And subsection (b)(3) provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of

3

> a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Section 1446(b) thus provides for inquiry at two junctures to determine whether removal was timely. In the first instance, if the initial pleading indicates that the case is removable, notice of removal must be filed within thirty days of receipt of that pleading by the defendant. But second, if the initial pleading doesn't indicate that the case is removable, such notice must be filed within thirty days of receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain removability. *Chapman v Powermatic Inc*, 969 F2d 160, 161 (5th Cir 1992).

### 3.   Analysis

Parra argues that Fiesta Mart's notice of removal was untimely because Fiesta Mart failed to remove within thirty days of his initial pleading, which gave sufficient notice that the case was removable. He argues further that Fiesta Mart also failed to remove within thirty days of receipt of the civil cover sheet, initial disclosures, and deposition transcript, each of which were themselves *other papers* indicating removability.

The initial-pleading argument contains two arguments within it. The first is that the jurisdictional statement in Parra's original petition demonstrated that this case was removable. He stated there that he "seeks monetary relief up to the jurisdictional limits of the Court." Dkt 1-2 at ¶ 2. The jurisdictional limit of a Harris County civil court at law is $250,000, which obviously is above the amount-in-controversy requirement. Texas Govt Code § 27.003(c)(1); see also ibid § 25.1032. Parra says that his statement in this respect rendered the case removable as of the date of service of his original petition. "Plaintiff could have limited the monetary relief sought to under $75,000 to avoid possible removal but did not, based upon the good faith

4

belief that his damages would be as much as $250,000."
Dkt 9 at 5.

This argument fails, primarily because Parra's statement in the original petition merely satisfied the state requirement to establish by pleading that a case is properly within the jurisdictional limits of the state court. Rule 47 of the Texas Rules of Civil Procedure in this respect requires that a plaintiff include "a statement that the party seeks":

> (1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs;
>
> (2) monetary relief of $250,000 or less and non-monetary relief;
>
> (3) monetary relief over $250,000 but not more than $1,000,000; or
>
> (4) monetary relief over $1,000,000; and
>
> (5) only non-monetary relief.

Here, after stating that he sought monetary relief "up to the jurisdictional limits of the Court," Parra expressly cited subsection (c)(1) of Rule 47. Dkt 1-2 at ¶ 2. But that "does not make it facially apparent that the federal jurisdictional amount in controversy is satisfied," which instead derives from relief requested that is plausibly in an amount below the $75,000 threshold. *Plummer v Witty Yeti LLC*, 2021 WL 5771875, *3 (WD Tex). Parra's jurisdictional statement is thus insufficient—taken alone—to conclude that Fiesta Mart could discern from Parra's original petition that he sought over $75,000.

Even so, the jurisdictional statement must be considered "in conjunction with the factual allegations and claims asserted in the state petition." Ibid. This is essentially Parra's second argument, that Fiesta could easily discern from the allegations and listed categories of damages that he was seeking over $75,000. Dkt 9 at 6.

Under the predominant approach described below, he's correct, with Fiesta Mart's notice thus being untimely.

In *Chapman v Powermatic Inc*, the Fifth Circuit held,

> The thirty-day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.

969 F2d at 163 (emphasis added). Some district courts have interpreted this to mean that the initial pleading must explicitly state numerical damages in excess of $75,000. See *Staton v Wells Fargo Bank NA*, 192 F Supp 2d 681, 683–684 (ND Tex 2002); *Capturion Network LLC v Daktronics Inc*, 2009 WL 1515026, *3–4 (SD Miss). But most construe *Chapman* to hold that the initial pleading commences the thirty-day removal period so long as "the nature of the plaintiff's claims as described in the initial pleading" afford sufficient notice to "a reasonable defendant" that "the amount in controversy exceeds the jurisdictional minimum." *Napier v Humana Marketpoint Inc*, 826 F Supp 2d 984, 988 (cleaned up); see also *Carleton v CRC Industries Inc,* 49 F Supp 2d 961, 963 (SD Tex 1999); *Borquez v Brink's Inc,* 2010 WL 931882, *4–6 (ND Tex); *Salomon v Wells Fargo Bank NA,* 2010 WL 2545593, *4 (WD Tex). Later cases by the Fifth Circuit appear to accord with this latter, majority view. For example, see *Gebbia v Wal-Mart Stores Inc,* 233 F3d 880 (5th Cir 2000) (holding it facially apparent from initial pleading that threshold exceeded when plaintiff sought "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); *Luckett v Delta Airlines Inc,* 171 F3d 295 (5th Cir 1999) (holding it facially apparent from initial

6

pleading that threshold exceeded when plaintiff sought "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and . . . temporary inability to do housework after the hospitalization").

Parra stated in his original petition that he sought damages up to $250,000 in damages—the jurisdictional limits of the county court at law—for current and future physical pain and suffering, mental anguish, reasonable medical expenses, loss of earnings, and physical disablement caused by severe injuries to his neck, back, and right knee. Dkt 1-2 at ¶¶ 2, 6, 17, 21. This was sufficient to place a reasonable defendant on notice that he was seeking over $75,000 in damages.

The petition giving such notice was served on Fiesta Mart on July 7, 2022. Dkt 1-2 at 17. Fiesta Mart didn't remove within thirty days of that date. Its removal was thus untimely. The examples of *other paper* pointed to by Parra needn't be considered.

That said, Fiesta Mart's removal wasn't objectively unreasonable. See Dkt 20. The request by Parra for costs, expenses, and attorney fees is denied. Dkt 9 at 7.

4. Conclusion

The motion by Plaintiff Alfonso Parra to remand is GRANTED. Dkt 9.

This action is REMANDED to the County Civil Court at Law No 4 of Harris County, Texas.

The Clerk shall provide a copy of this Order to the County Clerk for Harris County, Texas.

8

SO ORDERED.

Signed on July 24, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge